Case 2:22-mc-00153-KJM-DB    Document 30    Filed 08/07/23    Page 1 of 4

PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $110,000.00 IN U.S. CURRENCY, and<br><br>APPROXIMATELY $110,000.00 IN U.S. CURRENCY,<br><br>Defendants. | 2:22-MC-00153-KJM-DB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On December 7, 2021, and December 8, 2021, the United States Postal Inspection Service ("USPIS") seized Approximately $110,000.00 in U.S. Currency and Approximately $110,000.00 in U.S. Currency (hereafter collectively "defendant currency") during parcel interdictions at a U.S. Post Office in Stockton, California.

2.      USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about February 16, 2022, USPIS received claims from Peng Jin Cai ("Cai" or "claimant") asserting an ownership interest in the defendant currency.

1

3. The United States represents that it could show at a forfeiture trial that on December 1 and December 2, 2021, USPIS conducted parcel interdictions at a U.S. Post Office in Stockton, California. During the interdictions, law enforcement officials identified parcels that bore markers consistent with parcels used for shipping contraband. Priority Mail parcels # 9505 5146 9450 1335 2610 77 (Parcel #1) and # 9505 5146 9449 1333 3116 31 (Parcel #2) were addressed to Brian Cai, 2071 Quaker Ridge Ct., Stockton, CA 95206 with a return address of Min Huah Den, 125 Bay 34th St., Brooklyn, NY 11214. Law enforcement noted the parcels were shipped from two different zip codes.

4. The United States represents that it could further show at a forfeiture trial that both parcels were presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that law enforcement searched its databases for the sender address that appeared on both Priority Mail parcels. Law enforcement was unable to identify Min Hua Den currently associated with the return address at 125 Bay 34th St., Brooklyn, NY 11214. Law enforcement contacted the Brooklyn Post Office and employees from that Post Office provided a list of names that live at the multi-unit complex. None of the names matched those on the parcels.

6. The United States represents that it could further show at a forfeiture trial that on December 2, 2021, law enforcement received information that Brian Cai inquired about Parcel #2 at the Post Office. Law enforcement went to the Post Office to speak with Cai who stated he was expecting Parcel #2 and wished to pick it up. Law enforcement asked Cai for his consent to search the contents of Parcel #2. After stepping outside to make a phone call, Cai returned stating the package only contained clothing and declined to provide consent to open the parcel.

7. The United States represents that it could further show at a forfeiture trial that on December 6, 2021, law enforcement obtained search warrants for Parcels #1 and #2. On December 7, 2021, law enforcement executed a search warrant on Parcel #1 and found baby clothing wrapped around two smaller USPS flat rate boxes. Inside each flat rate box were $100.00 bills, each bill individually wrapped in newspaper. Parcel #1 contained a total of $110,000.00 in cash. The parcel did not contain any notes, instructions, or receipts.

8. The United States represents that it could further show at a forfeiture trial that on December 8, 2021, law enforcement executed a search warrant on Parcel #2. The contents of Parcel #2 were nearly identical to those of Parcel #1. Within Parcel #1 was baby clothing wrapped around two smaller USPS flat rate boxes. Inside each flat rate box were $100.00 bills, each bill individually wrapped in newspaper. Parcel #2 contained a total of $110,000.00 in cash. The parcel did not contain any notes, instructions, or receipts.

9. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

10. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Cai acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

11. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

12. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

13. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, Approximately $110,000.00 in U.S. Currency and $35,000.00 of the Approximately $110,000.00 in U.S. Currency, together with any

/////

interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $75,000.00 of the Approximately $110,000.00 in U.S. Currency shall be returned to claimant Peng Jin Cai through his attorney Lance Lazzaro.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: August 7, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Consent Judgment of Forfeiture